# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRIAN FERGUSON,

Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,

Agency.

DOCKET NUMBER
SF-4324-16-0265-I-1

DATE: September 22, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brian J. Lawler, San Diego, California, for the appellant.

Janet W. Muller, Chula Vista, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as barred under the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order, to dismiss the appeal for lack of jurisdiction, we AFFIRM the initial decision.

**BACKGROUND**

¶2        The appellant, a Commander in the U.S. Navy Reserve, was formerly employed by the agency as an Air Interdiction Agent with the Office of Air and Marine, Customs and Border Protection (CBP).  *Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0265-I-1, Initial Appeal File (0265 IAF), Tab 1 at 3.  On March 7, 2013, he filed a Board appeal under the Uniformed Services Employment and Reemployment Rights Act (USERRA), alleging that the agency had unlawfully discriminated against him on the basis of his military service.  *Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0299-I-1, Initial Appeal File (0299 IAF), Tab 1.  The administrative judge found jurisdiction and consolidated the appellant's appeal with two similar appeals, *Bryant v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0298-I-1, and *Hau v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0300-I-1, for processing and hearing.  0299 IAF, Tab 19.

¶3        On July 31, 2014, the administrative judge held a prehearing conference in the consolidated appeal.  0299 IAF, Tab 27.  In his summary of the conference, he identified the appellants' allegations as follows:

> The appellants here allege that the agency failed to grant them waivers as to certain training classes which conflicted with the dates and times of their military service requirements, resulting in their being "de-designated" from performing law enforcement duties; created a hostile work environment by pressuring them to attend training and/or cancel periods of military leave, exerting similar pressure on the relevant military commands, requesting written documentation related to military leave of less than 30 days, and [ratifying] negative comments related to their military status and/or use of military leave from co-workers and/or management officials; forced them to surrender their badges and weapons when performing military service in excess of 30 days; delayed receipt of within-grade pay increases; and required the use of annual, sick or other leave in lieu of military leave.

*Id*. at 1-2.

¶4        Before the first witness was called at the hearing, the administrative judge asked if the parties wished to make any additions or corrections to the summary of the prehearing conference.  Hearing Compact Disc (HCD).  The parties declined the offer at that time.  *Id*.  However, in the course of the hearing, all three appellants testified that they had resigned from their positions, or were about to do so, as a result of the same hostile working conditions they previously had alleged.  *Id*.  At the close of the hearing, the appellants' attorney argued that the appellants had been constructively discharged.  *Id*.  The administrative judge granted leave for the appellants to address that issue in their posthearing brief. *Id*.

¶5        Effective August 15, 2014, the appellant resigned from the agency.  0265 IAF, Tab 7 at 10.  That same day, the appellants submitted their joint closing statement and posthearing brief.  0299 IAF, Tab 28.  At the opening of the brief, the appellants stated that they "were constructively discharged from their positions with CBP's Office of Air and Marine (OAM) due to the harassment,

discrimination and hostile work environments they endured based solely on their military affiliations and military service obligations." *Id*. at 4-5. They further explained:

> Appellants each testified that the discriminatory and harassing conduct was severe and pervasive enough to materially alter the conditions of their work environment such that they were forced to quit the Agency because the workplace was poisoned. Due to the Agency's discriminatory and harassing conduct, through co-workers and, more importantly, supervisors, the relationship between the Appellants and the Agency became so antagonistic that Appellants were left with no other choice but to resign from their positions with the Agency and seek employment elsewhere. Appellants joined the Agency with every intention to retire as OAM agents but were constructively discharged due to the hostile work environment.

*Id*. at 9.

¶6    The administrative judge issued an initial decision denying the appellants' request for corrective action. 0299 IAF, Tab 31, Initial Decision (0299 ID). In denying the request, the administrative judge found, inter alia, that the appellants failed to establish that they were subjected to a hostile work environment in violation of USERRA. 0299 ID at 5-10. The administrative judge declined to adjudicate the appellants' constructive discharge claims and advised them that they could pursue those claims by filing separate appeals under 5 U.S.C. chapter 75. 0299 ID at 12 n.6. None of the parties filed a petition for review, and the initial decision became final on November 4, 2015. 0299 ID at 13.

¶7    The appellant then filed the instant appeal, in which he again alleged that the agency constructively discharged him by creating a hostile work environment such that he was forced to resign. 0265 IAF, Tab 1. The appellant specified that his appeal was brought under USERRA, and he requested a hearing. *Id*. The administrative judge assigned to the new appeal issued an order directing the appellant to show cause why his appeal should not be dismissed as barred by res judicata or collateral estoppel. 0265 IAF, Tab 3. In response, the appellant argued that his appeal was not barred by res judicata or collateral estoppel

because the administrative judge in the earlier appeal did not rule on his constructive discharge claim.  0265 IAF, Tab 6.  He again clarified that his appeal was brought under USERRA and was not intended as an adverse action appeal under 5 U.S.C. chapter 75.  *Id*.

¶8  The administrative judge dismissed the appeal as barred by the doctrine of collateral estoppel, without conducting a hearing.  0265 IAF, Tab 15, Initial Decision (0265 ID).  This petition for review followed.  Petition for Review (PFR) File, Tab 1.  The agency has responded.  PFR File, Tab 3.

## ANALYSIS

¶9  The administrative judge did not make a finding as to whether the Board has jurisdiction over this appeal, and the parties have not addressed the issue on petition for review.  0265 ID; PFR File, Tabs 1, 3.  However, the Board must satisfy itself that it has authority to adjudicate the matter before it and may raise the issue of its own jurisdiction sua sponte at any time.  *Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 15 (2004).  For the reasons set forth below, we find that the Board lacks jurisdiction over this appeal.

¶10  This appeal arises under the antidiscrimination provision of USERRA, 38 U.S.C. § 4311(a), which provides that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

To establish Board jurisdiction over a claim arising under 38 U.S.C. § 4311(a), an appellant must make nonfrivolous allegations that:  (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty

or obligation to perform duty in the uniformed service. *Kitlinski v. Department of Justice*, 123 M.S.P.R. 41, ¶ 7 (2015); *see* 5 C.F.R. §§ 1201.57(b), 1208.2(a). A claim under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous. *Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 11 (2009).

¶11    It is undisputed that the appellant is a member of the U.S. Navy Reserve. As to elements (2) and (3), the appellant alleges that the agency denied him retention in employment by forcing him to resign due to a hostile work environment, which was in turn the result of harassment based on his military service. 0265 IAF, Tab 1 at 6-8; *see Wallace v. City of San Diego*, 479 F.3d 616, 625-30 (9th Cir. 2010) (considering plaintiff's claim that he was forced to resign due to intolerable working conditions as a constructive discharge claim under USERRA). Thus, his allegation that the agency denied him retention in employment is predicated on his previously adjudicated claim that the agency subjected him to a hostile work environment based on his military service. *See Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0299-I-1; *Hau v. Department of Homeland Security*, 2016 MSPB 33, ¶ 12.

¶12    However, the appellant is collaterally estopped from relitigating that underlying claim. Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). The issue of whether the agency subjected the appellant to a hostile work environment based on his military service was actually litigated in his own prior USERRA appeal, and the

administrative judge's finding on that issue was necessary to the resulting judgment. Moreover, while the appellant resigned after the August 7, 2014 close of the record in his prior USERRA appeal, he specifically denies that the agency took actions after August 7, 2014, that caused him to resign, and he has not alleged any other acts of harassment that differ from those he relied upon in that appeal. 0265 IAF, Tab 11 at 4; *see Mintzmeyer v. Department of the Interior*, 84 F.3d 419, 424 (Fed. Cir. 1996). The appellant is thus barred from arguing that the agency subjected him to a hostile work environment based on his military service, which is the sole basis of his constructive discharge claim. *See Hau*, 2016 MSPB 33, ¶ 13.

¶13    Under these circumstances, we find that the appellant cannot make even a nonfrivolous allegation that the agency denied him retention in employment based on his military service. *Hau*, 2016 MSPB 33, ¶¶ 14-16.[2] We therefore conclude that, even under the liberal standard applicable to USERRA appeals, the appellant has not made allegations sufficient to establish the Board's jurisdiction over his appeal.

---

[2] In *Hau*, the Board overruled *Boechler v. Department of the Interior*, 109 M.S.P.R. 619, ¶ 17 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009), in which we held that, notwithstanding our previous finding on the merits that the appellant's alleged whistleblowing disclosure was not protected under 5 U.S.C. § 2302(b)(8), the appellant was not precluded from making a nonfrivolous allegation that the disclosure was protected for purposes of establishing jurisdiction over a subsequent individual right of action appeal. The Board also overruled *Wadhwa v. Department of Veterans Affairs*, 111 M.S.P.R. 26, ¶ 6, *aff'd*, 353 F. App'x 434 (Fed. Cir. 2009), and *Parikh v. Department of Veterans Affairs*, 110 M.S.P.R. 295, ¶¶ 13-17 (2008), which relied on the holding in *Boechler*. In *Hau*, the Board found that these decisions were contrary to *Allen v. McCurry*, 449 U.S. 90, 94 (1988), which held that collateral estoppel is meant to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.